HOLLAND *et al. v.* ATKINSON & PETEET.

Where a wife died intestate in 1896, seized of certain real estate, and left a husband and two children, and in 1899 a one-third undivided interest in the land was levied upon as the husband's property and claimed by the children under a parol gift to them by their mother a few months before her death, the burden was upon them to prove, not only the gift, but that they had put valuable improvements upon the land.    It is not sufficient to show repairs which are slight and trivial, or which are of a temporary character and merely for the convenience of the tenant.

Argued November 8, — Decided November 29, 1900.

Levy and claim.    Before Judge Hart.    Morgan superior court. March term, 1900.

*W. R. Mustin, J. H. Holland*, and *F. C. Foster*, for plaintiffs in error.    *George & George*, contra.

SIMMONS, C. J.    It appears from the record that Mrs. Holland died intestate in May, 1896, leaving a husband, a son, and a daughter.    In 1899 Atkinson & Peteet had an execution against the husband and father levied upon a one-third undivided interest in certain real estate left by the wife.    The children filed a claim.    On the trial of the claim case, they contended that in January, 1896, Mrs. Holland had made a parol gift of the land to them, and that in pursuance of the gift they went into possession and, previously to their mother's death, made valuable improvements upon the land.

The improvements relied upon were shown by their evidence to have been, fixing the well on the place, repairing the roof and floor of the house, and fixing the window-shutters. The record fails to show the extent of the improvements, nor does it disclose their value or whether they were permanent or temporary. On this state of facts the trial judge directed a verdict finding the property subject. The claimants excepted.

We think there was no error in directing a verdict against the claimants. Where one relies upon a parol gift of land to prevent its being sold for the debts of the donor or of one claiming under him, it is incumbent upon him to clearly establish the gift and also to prove to the court and jury that, in pursuance of the gift and induced thereby, he took possession of the land and made valuable improvements thereon. We think that simply repairing a well on the land, and the roof, floor, and window-shutters of the dwelling, is not sufficient. The judge stated, in directing the verdict, that the claimants had used some planks to stop the cracks in the floor, and a bundle of shingles to repair the roof. We presume he must have heard this from the witnesses, but the brief of evidence does not disclose the quantity of material used nor the extent of the repairs made. It was incumbent on the claimants to prove that the improvements made upon the land were valuable and, according to some of our cases, permanent. Instead, they merely showed that repairs had been made, without showing that they were sufficiently extensive to constitute valuable improvements rather than slight and trivial repairs made for the temporary convenience of the tenants. They therefore failed to carry the burden of proof, and there was no error in the direction of a verdict against them. Pomeroy, Sp. Perf. § 131; Thornton, Gifts, § 379.

*Judgment affirmed.　All the Justices concurring.*