COFFEY *v.* COBB.

1. The plaintiff rested her prayer for a decree of specific performance upon the contentions that there had been a parol gift of the land, possession under the gift, and substantial improvements made by her; and that there was an agreement which amounted to a contract of sale and purchase, and that she had entered into possession under this contract and made valuable improvements.  There was no evidence to support the theory that there was a parol gift of the land, possession taken, and substantial improvements made in pursuance thereof; and the court in the charge to the jury should have distinctly confined them, in determining whether or not the plaintiff was entitled to a decree of specific performance, to the allegations of a contract of sale and purchase, and to the evidence upon that issue.

2. The court's statement of the contentions of the parties was not entirely accurate; but it is not decided whether this inaccuracy will be sufficient ground for a new trial, as the judgment refusing a new trial is reversed upon another point.

3. To entitle the plaintiff to a decree for specific performance of a parol contract for the sale of land, the contract must first be established to a reasonable certainty; and the consideration claimed to have been paid or rendered therefor must be clearly and satisfactorily proved to have

been paid or rendered in performance of that contract. Or, if the plaintiff seeking the decree relies upon possession with valuable improvements, it must be established, by evidence of the character just described, to have been made with reference to the contract. In the present case the evidence fails to show that the payments alleged to have been made were actually made with reference to the contract, and fails also to show the making of valuable improvements with reference to the contract.

OCTOBER 2, 1913.

Equitable petition. Before Judge Fite. Murray superior court. September 5, 1912.

*Maddox, McCamy & Shumate* and *R. N. Steed,* for plaintiff in error.

*C. N. King, W. E. Mann,* and *W. C. Martin,* contra.

BECK, J. The plaintiff brought her petition for a decree of specific performance, making, in substance, the following allegations: The defendant, who is the father of petitioner, decided, about four years prior to the bringing of this suit, to make a division of his lands in Murray county among his six children, and executed deeds to two of them for parts of the lands, and turned over the remainder, consisting of 172 acres, to petitioner and her other three brothers, without executing deeds and without specifying as to the interest of each, but he did point out to each of the four where he thought their respective interests would be. In 1910 he went over said land with the four children and laid off the interest of each, making lines and setting up stakes showing how each interest was bounded, allotting 43 acres to each. Relying in good faith upon the gift to her by her father, she went into possession of the land, built a dwelling-house thereon, and made valuable improvements, and is still in possession of the land. She further alleged that in the fall of 1910 "the said father pointed out said interest of each of said children in said land and then agreed with the children that each should pay to the said father during his lifetime the sum of fifty dollars per year, he valuing the interest of each child at the sum of $625. Petitioner claims that by reason of said gift and her entering into possession of the land in good faith and making valuable improvements thereon, she is entitled to have a deed to the 43 acres set apart to her, charging that her father, the defendant, is now undertaking to repudiate the gift and agreement.

The defendant denied the making of the parol contract as

alleged, and denied that plaintiff had made any such valuable improvements or had made payments for the land under any contract which would entitle her to the decree sought. On the trial the jury returned a verdict for the plaintiff. The defendant made a motion for a new trial, which was overruled.

1. While the plaintiff, in more than one place in her petition, refers to the agreement as to the land involved in this controversy as a gift, other allegations show that the agreement really was a contract of purchase and sale. 'The allegations are extremely vague and indefinite; and while there are, in the first part of the petition, allegations that the father made a gift to the plaintiff of the land which the petitioner seeks to compel him to convey, these allegations relate to an agreement, or, rather, to statements made by the father before there was any division of the land or attempt to definitely fix the boundaries of the land which was the subject of the agreement. The allegation that "some four years ago plaintiff's father decided to make a division of his lands in Murray county among his children" fixes the time in the year 1907; and in view of such an entire lack of definiteness as to the property which it is alleged the father intended to give to his children, without more, there could, of course, be no decree for specific performance. But in the fall of 1910, as it appears from paragraph 6 of the petition, "the said father pointed out said interest of each of said children in said land, and then agreed with the children that each should pay [him] during his lifetime the sum of fifty dollars per year" for the land. And in the evidence the plaintiff testifies, relatively to this last agreement, that she was to pay the $50 a year during the lifetime of the father, and the further sum of $125 if he should demand it. It also appears from her testimony that during the years while she, with her husband, was occupying the land before the marking of it out and fixing the exact boundaries, she paid the usual rent of one third and one fourth of the crops. This evidence, considered in connection with the allegation which we have quoted from paragraph 6, shows that the agreement as to the land constituted a contract for the sale and purchase of the land for a valuable consideration; and the theory which the plaintiff first presents in her petition (that there had been a parol gift to her by her father, and that she was entitled to specific performance of the gratuitous promise, on

the ground that she had entered into possession under the promise and made valuable improvements upon the land) is completely eliminated. It may be that the court adopted this view of the case in the instructions to the jury, but the charge was inaccurate in presenting this view to them; for, in that portion of the charge complained of in the 5th ground of the motion for a new trial, the judge instructed the jury as follows: "I charge you this: if the contentions of the plaintiff are correct, she is entitled to recover; otherwise she would not be entitled to recover. In other words, if the contentions of defendant are correct, the plaintiff can not recover; but in this connection I charge you that if you find there was such a contract as she contends, and she entered upon the land under the contract, then she would be entitled to recover, whether she made any substantial improvements on the land or not. In other words, if she purchased in the way which she contends, and entered upon the land as her own and cultivated and lived upon it as her property, it would not be necessary, for her to recover, that she should have put any substantial improvements upon the property, but it would be so if it was a gift pure and simple; as I have said, it partakes of the nature of a gift if as plaintiff contends; but if the allegations of the plaintiff are true, it is a contract of purchase and not a gift." The language employed in the opening sentence of this excerpt from the charge, that "if the contentions of the plaintiff are correct, she is entitled to recover," was necessarily confusing, because the court did not attempt to distinguish those contentions in the pleadings which were supported by the evidence from those which were not. As we have shown above, one of the contentions was that there was a parol gift by the father; and while the court afterwards instructed the jury that "if the allegations of the plaintiff are true, it is a contract of purchase and not a gift," he had also instructed them that "the contentions of the parties are as set out in the pleadings, the declaration and answer. . . You will have them out with you, and can read them and refer to them for that purpose." The court should, in order to prevent confusion in the minds of the jury, have distinctly informed them that the contention of the plaintiff to the effect that the father had made a parol gift of the land to her should not be considered by them, as it was unsupported by evidence in the case; and should have limited, by

proper instructions, the right of the plaintiff to a recovery to those allegations showing a contract of sale and purchase.

2. In stating the contentions of the plaintiff to the jury the court instructed them as follows: "The plaintiff contends that she is one of six children, and that her father became desirous of dividing his property, his real estate, among his children; and that a contract was entered into between her and the balance of them and their father, with reference to the estate, by which it was agreed that four of them should take certain portions of the estate pointed out at the time (some four or five years ago), and pay a rental or an amount of $50 a year during the lifetime of this defendant and wife, and pay one hundred and twenty-five dollars additional if it should be demanded or become necessary on account of the needs of the parents, and that at the time she entered on the portion of the land pointed out to her and built a house and some outbuildings, and took possession of the portion of land indicated which would go to her and her brother living with her; but that the same was not divided at that time, but later on, in 1910, there was a division made. She contends that at the time that the contract was first made she entered into possession of the property and exercised control over it and used it as her own and claimed it as her property, and still claims it under the contract." This was not an accurate statement of the contentions of the plaintiff as shown by the evidence, nor as stated in the petition. There was no contention in the petition that at a time "some four or five years ago" a contract was entered into between her and the balance of the children and their father, with reference to the estate, by which it was agreed that four of them should take certain portions of the estate pointed out at that time and pay a rental or an amount of $50 a year during the lifetime of the defendant and his wife, and pay $125 additional if it should be demanded. The contract, according to the contentions of the plaintiff, to pay $50 a year during the lifetime of the defendant, was not made until the year 1910. When the plaintiff first went into possession of the land, three or four years before 1910, according to the allegations of the petition, she went in "relying upon the gift to her of said land by her father;" and it was not until the fall of the year 1910 that the father "pointed out the interest of each of the children, and agreed with the children that each was to

pay the father during his lifetime the sum of $50 per year." Up to the year 1911, according to the plaintiff's own testimony, she paid "rent every year, . . one third and a fourth; and the year 1911 I tendered fifty dollars to father, and [he] refused to accept it and said for me to pay the same rent I had been paying, one third and one fourth." One of the effects of this erroneous statement of the contentions of the plaintiff by the court was to create confusion in the minds of the jury as to the time when the contract in reference to the land, which we have held to be a contract of sale and purchase and not a parol gift of the land, was actually made. We have thought it proper to call attention to this inaccuracy in the statement of the contentions of the plaintiff, without deciding whether it would be sufficient ground for a new trial or not, as the judgment refusing a new trial is to be reversed upon another point.

3. But apart from the inaccuracies in the charge which we have pointed out, a new trial is demanded in this case on the ground that there is not sufficient evidence to support the verdict. This case was tried in 1912, and the witnesses for the plaintiff do not testify as to the year in which the plaintiff and her husband moved upon the land in controversy, but they refer to the time at which they claimed to have gone into possession as "some five or six years ago." This would fix the year in which the plaintiff went upon the land in 1906 or 1907; and for convenience of reference we shall refer to the entry into possession of the land as in 1907. As we have held above, the theory of the plaintiff, that at the time of her going into possession of certain land pointed out to her by her father in 1907 this possession was taken under such an agreement as would make a parol gift of the land, is untenable in view of the evidence, no certain boundaries or any particular lot of land having been fixed; and moreover, the plaintiff shows by her own evidence that up to the year 1910 she was a mere tenant, paying rent. And we now consider whether or not in the year 1910 such an agreement with reference to the sale and purchase of the land was made by the plaintiff and her father as would give her a right to a decree of specific performance on the ground that an enforceable parol contract for the sale of the land was made and entered into. Section 4634 of the Civil Code provides: "The specific performance of a parol contract as to land will be decreed,

if the defendant admits the contract, or if it be so far executed by the party seeking relief, and at the instance or by the inducements of the other party, that if the contract be abandoned he can not be restored to his former position. Full payment alone, accepted by the vendor, or partial payment accompanied with possession, or possession alone with valuable improvements, if clearly proved in each case to be done with reference to the parol contract, will be sufficient part performance to justify a decree." Under the terms of the contract made in 1910, according to the evidence of the plaintiff, she was to have the land upon the payment of $50 a year during the lifetime of her father and the payment of the sum of $125 in case he demanded payment of the same. Viewing the evidence in the light of the last sentence of the code section we have quoted, while the plaintiff submitted testimony to show that she was in possession of land which had belonged to her father and which she claimed he had agreed to let her have on the terms last stated, there is no such clear and satisfactory evidence of anything done with reference to the parol contract as to show sufficient part performance to justify the decree sought. The plaintiff herself testified: "This is the fifth year that I have lived on the place. I have paid rent every year. I paid my contract fifty dollars. I paid rent until 1911; up to 1911 I paid one third and a fourth, and the year 1911 I tendered fifty dollars to father, and [he] refused to accept it and said for me to pay the same rent I had been paying, one third and one fourth. Last year he never did demand third and fourth until late in the fall after the crops were gathered. I had tendered him my fifty dollars as I had contracted to do before he levied on my crop. . . Father told me that day [about November, 1910] they had run the line, and told me it was mine and I could pay him fifty dollars a year; he valued my part at $625. I was not to pay the $125 unless he come to want and said that he wanted it, and the $125 was to be accounted for in the final windup after he was dead; that was to be accounted for in settling around with each other after he was dead." The husband of the plaintiff testified, in part: "I paid fifty dollars, eight per cent. on $625; he said that $125 was to be accounted for sometime on a general settlement. I suppose if he ever demanded the $125 he would get it; and if he never did, on a general windup it would show which one got the $625 worth. Mr. Coffey said that

he didn't know he would ever want the $125, but if he did we would pay that much. He said that he would have to be in want more than he had ever been if he ever needed it; if he ever needed it, if he ever did want it, we were to pay it; he said that all that he wanted was fifty dollars a year, and he said, 'That will be plenty to keep me and my wife up.' . . I never did agree to pay the $125; if my wife agreed to pay it, it is all right. I don't say that she agreed to pay it; he talked with her a heap of times." We do not think that this clearly proves a part payment of the purchase-money with reference to the parol contract. The wife and the husband each speak of having paid $50. This must have referred to the same $50. The husband's testimony does not show at what time he made the payment, nor does it clearly show that it was done in part performance of the contract for the sale of the land; because he says he never did agree to pay the $125 which the vendor was to have in case he demanded it, and in case he did not demand it it was to be paid after his death. The wife, in speaking of the payment of $50, makes the statement which we have set out above; and it is clear from that statement, considered in connection with all the other testimony, that she merely made a tender of $50, which the father refused to accept, claiming the rent which had previously been paid him. It follows that if the father had ever entered into a parol contract for a conveyance of the land, it never became binding upon him because of any payment received by him with reference to that contract. Certainly it can not be said that it is clearly proved that there was any payment made in pursuance of the terms of the alleged contract made with the father. It seems inferable to us from the whole evidence that the father rejected the tender. Certainly, considering it in the most favorable light for the plaintiff, it leaves it exceedingly doubtful as to whether there was any proof of part compliance with the contract by the making of a payment.

If the plaintiff relies upon possession given under a parol contract and valuable improvements made upon the premises, then there is a clear lack of testimony to support that theory. The evidence of the plaintiff and of all of her witnesses shows that the improvements which were made upon the land to which she claims a right to have a conveyance, and which were not made subsequently to the commencement of this suit, were made before the

alleged contract of 1910, and while the plaintiff and her husband were on the land as tenants paying as rent a third and a fourth of the crops. No improvements at all were shown to have been made upon the land with reference to the contract of sale prior to the bringing of this suit. Having failed to clearly prove the making of payments with reference to the parol contract, and having failed to show improvements made after possession given under the contract, as required by the statute, the plaintiff's case fails for want of proof. *Shropshire* v. *Brown,* 45 *Ga.* 175.

Except as indicated in the first two divisions of this opinion, there were no material errors in the charge of the court.

*Judgment reversed. All the Justices concur.*