## COFFEY *v.* COBB.

The court erred in not sustaining the demurrer to the petition as amended.
June 19, 1915.

Equitable petition. Before Judge Fite. Murray superior court. August 27, 1914.

This suit was originally brought to compel specific performance of an alleged parol gift of land from a father to his daughter (the plaintiff in this case), the daughter having made valuable improvements thereon. When the case was tried in the superior court the second time, the plaintiff amended her petition by alleging: "Before petitioner went into possession of the land, to wit, in the year 1907, her said father, Webster R. Coffey, contracted with your petitioner that she should have five acres of land near the public road, being five acres of lot 181 in 9th district and 3rd section of said county, bounded on the north by the original land line, on the west by the land of John Franklin, and south and east by Harris Coffey. Also thirty-eight acres in the southwest corner of 182 and southeast corner of lot 181, bounded on the south by the original land lines, on the west by the Franklin lands, and on the north by the lands claimed by J. A. Coffey, and on the east by the lands of Webbie Coffey, both of said tracts being in the 9th district

and 3rd section of said county, Ga., and containing 43 acres, more or less. Petitioner further shows that the said contract made with the defendant was that she was to have the crops on said property, but was to pay the usual rents during the life of said defendant if he required it, and the lines of said land were pointed out and designated at said time mentioned above. Petitioner further shows, that in the fall of the said year 1907 she with her family took possession of said land in accordance with said contract with said defendant, and with reference to and in accordance with said contract built a dwelling-house thereon worth about $400.00, barn worth $50.00, dug a well, built a smoke-house, fence, etc., cleared land and placed other valuable improvements on said (43) five acres of land, and cultivated said 38 acres of land, cleared up portions of the same, fenced it up and otherwise improved said lands, all of which were done in pursuance to and in reference to said contract with said defendant; and that petitioner paid to said defendant, in accordance with said contract and with reference thereto, one third of the corn and one fourth of the cotton, and that she continued to do so in accordance with said contract until the fall of 1910, when the said Webster R. Coffey concluded to move away from the house at the home place on said other parts or tracts of land to Eton, Ga., when the rent in kind was changed to $50.00, which was 8% on the value of petitioner's said land, but the said contract with your petitioner was not changed in any respect except as to the manner of payments, and said lines heretofore mentioned were marked by stakes as set out in the petition." To this amendment the defendant demurred on the following grounds: "First. Because the amendment does not change in any particular the allegations of fact as set forth in the original petition filed by plaintiff. Second. The allegations in paragraph three, that she, the plaintiff, was to pay the usual rent if ——— required it, is conclusive of the relation of landlord and tenant, and the fact as alleged that the usual customary rent of the third of the corn and a fourth of the cotton was paid by the plaintiff to and accepted by the defendant as rental for said land is no part payment of the purchase-price of said land, because it is not alleged that any price was fixed at the time alleged that defendant was to take for said land. Third. Because the improvements alleged to have been made were made, as alleged, in the year 1907 while

the relation of landlord and tenant existed between plaintiff and defendant, and can not be construed to be part performance of any contract, in the absence of a price at which said land was to be purchased in the year 1907. Fourth. Because it is not alleged that any part of the purchase-money was ever paid or any valuable improvements were made upon said lands after the agreement was made to pay the $50.00 which was alleged was 8% of the value of said land, which fixed the contract price of said land if such a contract was made." The court overruled the demurrer, and the defendant excepted pendente lite. The case proceeded to trial, and a verdict and judgment were rendered for the plaintiff. To a judgment overruling his motion for a new trial the defendant excepted.

*R. Noel Steed* and *Maddox, McCamy & Shumate,* for plaintiff in error.

*W. E. Mann, W. C. Martin,* and *C. N. King,* contra.

HILL, J. (After stating the foregoing facts.) This is the second appearance of this case in this court. *Coffey* v. *Cobb,* 140 *Ga.* 661 (79 S. E. 568). When the case was here before, in delivering the opinion of the court reversing the judgment of the court below, Mr. Justice Beck said: "As we have held above, the theory of the plaintiff, that at the time of her going into possession of certain land pointed out to her by her father in 1907 this possession was taken under such an agreement as would make a parol gift of the land, is untenable in view of the evidence, no certain boundaries or any particular lot of land having been fixed; and moreover, the plaintiff shows by her own evidence that up to the year 1910 she was a mere tenant, paying rent. And we now consider whether or not in the year 1910 such an agreement with reference to the sale and purchase of the land was made by the plaintiff and her father as would give her a right to a decree of specific performance on the ground that an enforceable parol contract for the sale of the land was made and entered into. Section 4634 of the Civil Code provides: 'The specific performance of a parol contract as to land will be decreed, if the defendant admits the contract, or if it be so far executed by the party seeking relief, and at the instance or by the inducements of the other party, that if the contract be abandoned he can not be restored to his former position. Full payment alone, accepted by the vendor, or partial payment accompanied with

possession, or possession alone with valuable improvements, if clearly proved in each case to be done with reference to the parol contract, will be sufficient part performance to justify a decree.' Under the terms of the contract made in 1910, according to the evidence of the plaintiff, she was to have the land upon the payment of $50 a year during the lifetime of her father and the payment of the sum of $125 in case he demanded payment of the same. Viewing the evidence in the light of the last sentence of the code section we have quoted, while the plaintiff submitted testimony to show that she was in possession of land which had belonged to her father and which she claimed he had agreed to let her have on the terms last stated, there is no such clear and satisfactory evidence of anything done with reference to the parol contract as to show sufficient part performance to justify the decree sought." And see bottom of p. 668. The amendment to the petition does not allege a parol gift of land with valuable improvements thereon, such as equity will decree the specific performance of, or a contract of sale of the land; but it sets out a rent contract between the plaintiff and the defendant. From the amendment it clearly appears that the plaintiff went into possession of the land and so remained until 1910 as the tenant of the defendant. It does not appear that any purchase-price had been agreed upon for the land, but on the contrary it appears that the plaintiff was to pay rent in kind until the defendant moved to a near-by town, when the rent was changed to $50.00, which the plaintiff alleged was 8% on the value of the land. We fail to see that the amendment changes the case as made in the original petition, so as to authorize a specific performance of the contract on the basis of a sale of the land by the defendant to the plaintiff. The amendment alleges, among other things, that the plaintiff was to have the crops grown on the land in controversy, "but was to pay the usual rents during the life of said defendant if he required it," etc. It does not appear from the amendment what was to become of the land after the death of the defendant, whether it should become the property of the plaintiff, or belong to the estate of the defendant. In the absence of any allegation on the subject, and in view of the other allegations of the amendment, we must assume that it remained the property of the defendant's estate. If, therefore, the facts alleged in the original petition and the evidence supporting the same did not create a parol gift of land

such as would authorize the plaintiff to have specific performance, neither does the amendment to the petition; and this being so, we think the court erred in not sustaining the demurrer to the petition as amended. This ruling being controlling of the case, the errors alleged to have been subsequently committed on the trial need not be considered. *Judgment reversed. All the Justices concur.*