## COBB *v.* COFFEY.

When this case was before the Supreme Court on a former occasion, it was held erroneous "to overrule the ground of demurrer that the plaintiff failed to allege that she made permanent improvements on the land sued for, before filing her original petition, and subsequently to the time when the relation of landlord and tenant between herself and W. R. Coffey terminated, and after the relation of vendor and vendee existed, and while she held possession as such. The judgment is reversed, with direction that the demurrer be sustained unless the petition is so amended as to cure this defect before the call of the case." After. the return of the remittitur the plaintiff amended her petition in such manner as to comply with the ruling above quoted, and after allowance of such amendment it was erroneous to dismiss the action on demurrer.

No. 604.  MAY 15, 1918.

Action for specific performance.  Before Judge Tarver.  Murray superior court.  August 17, 1917.

Mrs. R. N. Cobb instituted an action in 1911, against her father, Webster R. Coffey, to compel the execution of a deed to 43 acres of land.  It was alleged, that "some four years ago" the defendant, owning described land, decided to divide it among his six children, and thereupon executed deeds to two of them, after which there remained 172 acres.  He told the other four children, among whom was petitioner, that he would divide that between them, and pointed "about where he thought" their respective parcels would be located.  Subsequently in the fall of 1910 he staked off the respective parcels to the four children above mentioned, and the part allotted to plaintiff was 43 acres, being the land involved in this suit.  Relying upon this gift, petitioner went into possession, and "built a dwelling-house thereon and made valuable improvements," alleged by amendment to consist of fences around the house and garden of the value of $25; clearing one acre of land, $8; building a barn $50.  On the trial the plaintiff recovered a verdict, and the judgment denying a motion for new trial was reversed on the ground that there was no evidence of a gift,

and that the court committed error in the charge to the jury in not restricting the plaintiff's right to recovery upon the basis of a contract of sale. *Coffey* v. *Cobb,* 140 *Ga.* 661 (79 S. E. 568). After the return of the remittitur the plaintiff filed an amendment to her petition, which so changed it as to make it allege that her contract with her father was one of landlord and tenant, and that the improvements were placed upon the property by her in pursuance of that contract. A demurrer to the petition as amended was overruled, and the judgment of the trial court was reversed. *Coffey* v. *Cobb,* 143 *Ga.* 539 (85 S. E. 693). On a subsequent trial of the case the defendant again amended the petition by alleging that she contracted for the property in 1907, that it was agreed that she should take possession of the land and make improvements as she might desire, and that she should have all of the land and improvements, except that, of the crops which might be grown on the land, one fourth of the cotton and one third of the corn "were to be paid" in the fall of each year to defendant as long as he lived, and, "if defendant in his lifetime should demand it, plaintiff agreed to pay $125 in cash, and at the death of the defendant "the fee-simple title to all of said land and improvements thereon to vest in" plaintiff, and under this contract petitioner entered possession and made the improvements as theretofore set out in the original petition as amended, and continued to pay the parts of the crops as contracted until the fall of 1910, when the contract was changed so that, in lieu of part of crops, petitioner should pay $50 in cash each year. Petitioner has made all payments stipulated in the contract of 1910, and now stands ready to pay the additional sum of $125 should defendant demand it. Other allegations were, that at the time of making the contract in 1907 the defendant was induced thereto partly on account of his love and affection for plaintiff, and he desired to make a plan whereby plaintiff could have the property as her own for a home, and at the same time he could have an income out of the property during his life. A demurrer was filed to the petition as amended, on the grounds, among others: (*a*) that the petition as amended was not materially different from what it was when the amendment setting up the contract of tenancy was made, which the Supreme Court held was insufficient to set forth a cause of action; (*b*) that the petition as amended did not allege a cause

of action; (c) it is not alleged that any of the improvements were made after the year 1910, nor were the improvements described or their value alleged. The demurrer was overruled. On exception the judgment was reversed. *Coffey* v. *Cobb,* 146 *Ga.* 689 (92 S. E. 57). Subsequently the plaintiff filed two amendments to her petition, which so far as material alleged: "That she made permanent improvements on the land sued for, before filing her original petition, and subsequently to the time when the relation of landlord and tenant between herself and W. R. Coffey terminated, and after the relation of vendee and vendor existed, and while she had possession as such, and after agreement set out in the original petition and amendments thereto of 1910, and that said permanent improvements so made were as follows, to wit: Built brick chimney to dwelling where plaintiff lives, at a cost of $25.00, finishing front room of dwelling $20.00, ceiling and completing one room $25.00, painting dwelling $20.00, building barn-shed $15.00, clearing and cleaning up six acres of land $25.00, and building well-shed and curbing same $10.00, making a total of $140.00." A demurrer to this amendment was as follows: "(1) Because it is not alleged in the amendment when the relation of vendee and vendor commenced. (2) Because it is not alleged when the relation of landlord and tenant ceased—when plaintiff ceased to pay rent, that is the dates. (3) Because the alleged improvements are not alleged. The dates of these alleged improvements should be given as near as possible, so as to put this defendant on notice in order to meet this defense." The court sustained this demurrer, and dismissed the action. The bill of exceptions assigns error on this ruling.

*W. C. Martin, W. E. Mann,* and *C. N. King,* for plaintiff.

*Maddox, McCamy & Shumate* and *R. N. Steed,* for defendant.

ATKINSON, J. It appears from the statement of facts that after reversal of the judgment refusing a new trial, the plaintiff amended her petition, thereby affording the defendant another opportunity to demur. The amendment so modified the contract as to make it one of landlord and tenant; and it was held by this court that the case should have been dismissed on demurrer. *Coffey* v. *Cobb,* 143 *Ga.* 539 (85 S. E. 693). The plaintiff again amended the petition in such manner as in effect to repudiate the relation of landlord and tenant and allege a contract of sale by the father to the

daughter, thereby returning to one theory of the original petition. The demurrer to the petition as thus amended made the point that the amendment did not materially change the allegations as to the character of the contract, and that the decision of this court above mentioned was conclusive; also that no cause of action was alleged; and lastly, that the petition as amended did not allege that any of the improvements were made before the suit was commenced and after the contract of tenancy had ended and the contract of purchase was entered into. The demurrer being overruled, the judgment was reversed, the court holding: "It was error to overrule the ground of demurrer that the plaintiff failed to allege that she made permanent improvements on the land sued for, before filing her original petition, and subsequently to the time when the relation of landlord and tenant between herself and W. R. Coffey terminated, and after the relation of vendor and vendee existed, and while she held possession as such. The judgment is reversed, with direction that the demurrer be sustained unless the petition is so amended as to cure this defect before the call of the case." *Coffey* v. *Cobb*, 146 *Ga.* 689 (92 S. E. 57). The effect of this decision was to hold that, with the exception of the amendable defect pointed out, the petition was sufficient. The amendments which were thereafter allowed were sufficient to meet the direction of this court, and the petition is not subject to the further demurrer urged thereto. The judge committed error, after the allowance of the last amendment, in dismissing the petition.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*