PAYNE *v.* THEBAUT, executrix.

BELL, Justice. This was a suit in equity by an executrix to recover a house and lot and for mesne profits and for the appointment of a receiver to hold the property and to collect the rents and profits pending trial, it being alleged that the defendant was insolvent. Before the introduction of any evidence, the defendant by her answer and an amendment thereto admitted that she was insolvent, and that the plaintiff had the legal title and the right of possession and should recover the land and mesne profits in the amount alleged, except for a life-estate claimed by the defendant to have been granted to her by the testatrix. On the basis of these admissions, the defendant claimed the right to open and close the argument. This request was denied, and after verdict for the plaintiff, the refusal of such request was assigned as error in the defendant's motion for a new trial. The prayer for a receiver was granted, and ceased to be an issue, before the trial.

1. The defendant, before the introduction of any evidence, having in her pleadings admitted a prima facie case in favor of the plaintiff, was entitled to the opening and conclusion of the argument before the jury, and the denial of this privilege constituted reversible error, the evidence not demanding the verdict in favor of the plaintiff. *Widincamp* v. *Widincamp,* 135 *Ga.* 644 (70 S. E. 566); *Norman* v. *McMillan,* 151 *Ga.* 363 (3) (107 S. E. 325). A different ruling is not required because the defendant waived the general grounds of her motion for a new trial.

2. There is no merit in the plaintiff's contention that the right to open and close was properly refused because the defendant did not admit the plaintiff's allegation that her claim of a life-estate was founded in fraud. The defendant was not required to admit an absolute case in the plaintiff's favor. It was sufficient to admit a prima facie case only, and this was done. *Stiles* v. *Shedden*, 2 *Ga. App.* 317 (58 S. E. 515). See also *Matthews* v. *Farmer*, 154 *Ga.* 623 (115 S. E. 77).

3. The right to open and close was not lost because the defendant, after the introduction of evidence, varied her claim by an amendment wherein she asserted a parol gift accompanied by possession and valuable improvements, whereas in the original answer she relied upon an alleged contract with the testatrix. In either view, the answer as amended had admitted a prima facie case in favor of the plaintiff.

4. The defendant had been married to a son of the alleged donor, and was the mother of several children by this marriage, although she and her husband were divorced before the making of the alleged gift. It can not be said as a matter of law that a "meritorious consideration" (see Code of 1933, § 37-804) was not involved. Even if a family relationship is essential to such consideration, it still need not be direct or close. *Owen* v. *Smith*, 91 *Ga.* 564 (3), (18 S. E. 527); *Kemp* v. *Hammock*, 144 *Ga.* 717 (87 S. E. 1030). Nor was the evidence of the alleged gift insufficient as a matter of law because it appeared that the donor agreed also to keep the property insured and to pay the taxes. Compare *Griffin* v. *Fleming*, 72 *Ga.* 697; *New Jersey Insurance Co.* v. *Rowell*, 157 *Ga.* 360 (121 S. E. 414); *Roddenberry* v. *Simpson*, 171 *Ga.* 715 (156 S. E. 583, 75 A. L. R. 414); 21 C. J. 954, § 92; 26 C. J. 34, § 17.

5. Under the principle stated in the Code of 1933, § 37-804, the evidence would have authorized a verdict in favor of the defendant; and in view of the error in refusing to allow her attorney to open and conclude the argument, a new trial should have been granted.

6. No other error appears.

(a) The opening statement by the plaintiff's attorney was pertinent to an issue made by the pleadings, and was not improper.

(b) The evidence objected to as disclosing mere self-declarations was properly admitted in view of the permissible inference that the defendant acquiesced in such statements. *Carter* v. *Buchannon*, 3 *Ga.* 513 (7); *Block* v. *Hicks*, 27 *Ga.* 522 (2); *Bray* v. *Latham*, 81 *Ga.* 640 (8 S. E. 64); *Giles* v. *Vandiver*, 91 *Ga.* 192 (2) (17 S. E. 115); *Mitchem* v. *Allen*, 128 *Ga.* 407 (4) (57 S. E. 721). The evidence also related to a conversation between parties and tended to show that the defendant at that time made a contention inconsistent with her present claim.

(c) The defendant's objection to the depositions did not comply with the requirements of the law as stated in the Code of 1933, § 38-2504. See *Roberts* v. *Crowley*, 81 *Ga.* 429 (2) (7 S. E. 740); *Roper* v. *Roberts*, 143 *Ga.* 128 (84 S. E. 553).

*Judgment reversed. All the Justices concur.*

No. 10672. JUNE 12, 1935. REHEARING DENIED JULY 12, 1935.

*C. N. Davie, J. F. Kemp,* and *Clint W. Hager,* for plaintiff in error. *Charles G. Bruce,* contra.