### Johns v. Nix.

ATKINSON, Presiding Justice.  1. So far as it might be contended that the plaintiff would be entitled to recover upon the theory of a parol gift, such contention must fail, because no gift was alleged with sufficient definiteness, nor was it alleged that valuable improvements were erected upon the property upon the faith of the donor's promise or declared intention to make a gift.  Code, §§ 37-802, 37-804; *Holland* v. *Atkinson*, 112 *Ga.* 346 (37 S. E. 380); *Swan Oil Co.* v. *Linder*, 123 *Ga.* 550, 553 (51 S. E. 622); *Hodgson* v. *Hodgson*, 28 *Ga. App.* 250 (110 S. E. 754).

2. If the plaintiff could recover as contended for in *Coffey* v. *Cobb*, 140 *Ga.* 661 (79 S. E. 568), 146 *Ga.* 689 (92 S. E. 57), upon the theory of an oral contract of purchase and sale, the fact that such contract was made must be clearly alleged (*Swan Oil Co.* v. *Linder*, supra), and all the material terms of the contract should be clearly stated.  *F. & W. Grand Stores* v. *Eiseman*, 160 *Ga.* 321 (127 S. E. 872).  The decision cited dealt with indefiniteness of a written instrument.  Where the supposed contract is oral as in the instant case, there is at least the same or a greater necessity for definiteness in stating the terms of the agreement.  See *Taylor* v. *Boles*, 191 *Ga.* 591, 599 (13 S. E. 2d, 352), and cit.

3. Under the foregoing principles the petition failed to allege a cause of action, and the court erred in overruling the general demurrer.

*Judgment reversed. All the Justices concur.*

No. 14029.  MAY 26, 1942.  REHEARING DENIED JUNE 15, 1942.

*W. S. Northcutt,* for plaintiff in error.
*J. C. Bowden* and *A. Guy Smith,* contra.