CHRISTOPHER *v.* WHITMIRE.

No. 15155.   MAY 10, 1945.

282

*Fraser & Irwin,* for plaintiff in error.

*James H. Dodgen,* contra.

ATKINSON, Justice. (After stating the foregoing facts.) A party seeking specific performance of a contract must show substantial compliance with his part of the agreement; otherwise he is not entitled to a decree. Code, § 37-806; 4 Pomeroy's Eq. Jur. (5th ed.), § 1407; *Robinson* v. *Vickers,* 160 *Ga.* 362 (2) (127 S. E. 849); *Ledbetter* v. *Goodroe,* 179 *Ga.* 69 (4) (175 S. E. 250); *Lee* v. *Lee,* 191 *Ga.* 728 (13 S. E. 2d, 774). The allegations of the alleged parol contract were in substance, that, if the petitioner

would get a divorce, marry the defendant, aid him in regaining his health, and assist him in carrying on his business, he would buy her a home. Under a proper construction of the petition, marriage was the principal consideration. Accordingly, the contention of the petitioner that the attempted marriage was incidental to the main consideration, and that the defendant's real object was to secure the services and ministrations of the petitioner, is not well taken. While the allegations of the petition show that the petitioner did not get a valid divorce from her former husband and that the attempted marriage between the parties was void (*Christopher* v. *Christopher,* 198 *Ga.* 361, 31 S. E. 2d, 818), it is insisted that her effort to obtain a divorce in a court having no jurisdiction was induced by the defendant's deceit by fraudulently representing that a divorce obtained in Mexico would be valid, and that in the circumstances she has substantially complied with her contract. She was not competent to enter into a second marriage without first having obtained a divorce from her former husband. Regardless of whether or not she was presumed to know the law, as to which see *Harper* v. *Atlanta & West Point R. Co.,* 33 *Ga. App.* 259, 265 (125 S. E. 885), the alleged representations by the defendant, to the effect that a divorce procured in another jurisdiction would be valid, were expressions of opinion as to the law, and did not in law constitute fraud and deceit. *Claxton Bank* v. *Smith,* 34 *Ga. App.* 265 (129 S. E. 142) ; *Beckman* v. *Atlantic Refining Co.,* 53 *Ga. App.* 671 (2) (187 S. E. 158) ; *Salter* v. *Brown,* 56 *Ga. App.* 792 (193 S. E. 903) ; *National Life &c. Ins. Co.* v. *Parker,* 67 *Ga. App.* 1, 8 (19 S. E. 2d, 409) ; *Bernstein* v. *Peters,* 69 *Ga. App.* 525, 534 (26 S. E. 2d, 192). Furthermore, as illustrating that she should not have relied upon such representations, it appears that she had been advised by counsel, representing her in a divorce action in Louisiana, that such Mexican divorce would be invalid.

In view of what has been said, it becomes unnecessary to pass upon the question whether the agreement to obtain a divorce would render the whole contract void as against public policy. See, in this connection, *Guffin* v. *Kelly,* 191 *Ga.* 880, 889 (14 S. E. 2d, 50).

The petition does not seek to recover upon the theory of a parol gift, nor is it alleged that valuable improvements were erected

upon the property on the faith of the donor's promise or declared intention to make a gift. Code, §§ 37-802, 37-804; *Johns* v. *Nix,* 194 *Ga.* 152 (20 S. E. 2d, 758).

The question also arises as to whether the petition should be sustained because it contains enough to entitle the petitioner to a money judgment against the defendant on account of the services rendered to him. The prayers were for process, specific performance, injunction to prevent interference with the petitioner's occupancy of the property, and "that she may have such other and further relief as to the court may seem just and proper." Considering all of the allegations and prayers, it is clear that the purpose of the petition was to obtain a decree for specific performance of a parol contract to convey land, and to enjoin the defendant from interfering with the petitioner's occupancy of the house and lot. Her object was to have the court declare that she was the owner of the equitable title. While the defendant may be liable to pay her for her services, as set forth in the petition, such liability, if any, would arise out a relation of debtor and creditor. That he may have perpetrated a moral fraud upon her, gives her no title, legal or equitable, to property acquired by him in his own right, although it may have been purchased with his ill-gotten gains; for, to compensate a person upon whom a fraud has been committed, the law affords full relief by providing for the recovery of damages. *Schmitt* v. *Schneider,* 109 *Ga.* 628; 631 (35 S. E. 145); *Hawkins* v. *Hawkins,* 166 *Ga.* 153 (3) (142 S. E. 684). There is no allegation that the defendant is indebted to the petitioner in any amount, and there is no prayer for a money judgment. Where there is a special and a general prayer, the petitioner under the general prayer may have such other relief only as is consistent with the case as made in the petition, and with the special prayer. *Butler* v. *Durham,* 2 *Ga.* 413 (3); *Peek* v. *Wright,* 65 *Ga.* 638 (2); *Empire Hotel Co.* v. *Main,* 98 *Ga.* 176, 183 (25 S. E. 413); *Schmitt* v. *Schneider,* supra; *Hairalson* v. *Carson,* 111 *Ga.* 57 (36 S. E. 319); *White* v. *Sikes,* 129 *Ga.* 508 (59 S. E. 228, 121 Am. St. 228); *Phillips* v. *Kelly,* 176 *Ga.* 111 (167 S. E. 281). In the present case, the prayer for general relief, considered in connection with the entire petition, was insufficient to authorize the finding of a money judgment in favor of the petitioner, because such relief would not be germane to the prayer for specific perform-

ance and for injunction. The case at bar differs in its facts from *Wilson* v. *Groover,* 146 *Ga.* 369 (91 S. E. 113) ; *Broderick* v. *Reid,* 164 *Ga.* 474 (2) (139 S. E. 18) ; *Sanders* v. *Jones,* 166 *Ga.* 186 (4) (142 S. E. 680) ; *Monroe* v. *Diamond Match Co.,* 182 *Ga.* 438 (3) (185 S. E. 814) ; *Bowers* v. *Dolen,* 187 *Ga.* 653 (5), 659 (1 S. E. 2d, 734)`; *Matson* v. *Crowe,* 193 *Ga.* 578 (4) (19 S. E. 2d, 288) ; *Raines* v. *Shipley,* 197 *Ga.* 448 (5) (29 S. E. 2d, 588) ; and similar cases, where the relief allowed under a general prayer was germane to the prayer for specific relief.

Under the foregoing principles, the petition failed to allege a cause of action, and the court erred in overruling the general demurrer.    *Judgment reversed.    All the Justices concur.*