MANKIN *et al. v.* BRYANT; *et vice versa.*

Nos. 16808, 16809.  November 14, 1949.

128

*Houston White,* for plaintiffs in error.

*J. F. Kemp* and *J. M. Johnson,* contra.

HAWKINS, Justice. (After stating the foregoing facts.) 1. The defenses of multifariousness and duplicity are not favored by courts of equity. *City Bank of Macon* v. *Bartlett,* 71 *Ga.* 797; *Martin* v. *Brown,* 129 *Ga.* 562, 568 (59 S. E. 302); *Bridges* v. *Donalson,* 165 *Ga.* 228, 231 (140 S. E. 497). "A bill is not multifarious because all of the defendants are not interested in all of the matters contained in the suit. It is sufficient if each party has an interest in some matter in the suit which is common to all, and that they are connected with the others." *Blaisdell* v. *Bohr,* 68 *Ga.* 56 (2). The trial court properly held in this case that the primary relief sought by the plaintiff is specific performance as to the conveyance of certain lands under the resolutions of the stockholders and directors of the defendant corporation, passed on September 18, 1942, and referred to in paragraphs 8 and 9 of the original petition as modified by the subsequent resolutions passed on January 19, 1945, and referred to in paragraph 15 of the original petition; and that all of the prayers of the petition are incidental to that, and the relief sought thereby is to obtain such specific performance and make the·same effective as good title to the property involved. As stated by the trial court, the petition seeks: (a) an injunction to prevent the defendants from putting into effect a different division of the property from that sought to be enforced by specific performance, and to enjoin any change in the status of the corporation or the property pending the granting of specific performance; (b) specific performance of the resolutions by awarding to the plaintiff certain property described in the exhibit attached to the petition; (c) specific performance of the alleged resolution

by the award to the individual defendants of the properties which the plaintiff contends they should receive thereunder; and (d) the cancellation of certain deeds by the corporation to the plaintiff and the defendants, which would interfere with the specific performance of the resolutions, if the plaintiff is entitled thereto, and necessarily all of the defendants are proper parties in an action seeking to cancel deeds from the corporation to the individual defendants. *Miller* v. *Watson,* 139 *Ga.* 29, 33 (76 S. E. 585); *Hines* v. *Wilson,* 164 *Ga.* 888 (139 S. E. 802); *Keeter* v. *Bank of Ellijay,* 190 *Ga.* 525, 526 (9 S. E. 2d, 761). Had the demurrer not been sustained to paragraph 32 of the original petition and to paragraph 5 of the amendment to the petition, seeking to set aside a certain deed to the defendant, Guy Mankin, not connected with the other transactions referred to in the petition, a different ruling might be required, but with these allegations stricken, the petition is not multifarious.

2. Nor is the petition subject to the demurrer on the ground that it is duplicitous. While it is insisted by the defendants that the petition is duplicitous because the plaintiff by his petition is seeking to enforce against the corporation: (1) an agreement between the incorporators, made before a charter was applied for, and not incorporated in the charter of the corporation subsequently granted; (2) the specific performance of the resolutions of the stockholders and directors passed subsequently to the organization of the corporation; and (3) to maintain a minority-stockholder's suit against the majority stockholders under Code § 22-711—this contention is not well founded. The trial court properly sustained paragraphs 4 and 5 of the defendants' demurrer to so much of paragraph 1 of the amendment to the petition as sought to allege an agreement or contract between the plaintiff and the individual defendants, entered into between them before the charter of the defendant corporation was applied for, and which was not made a part of the application for charter. *Meeks* v. *Seawell,* 198 *Ga.* 817 (33 S. E. 2d, 150). As already stated, the trial court properly construed this petition to be an action for specific performance as to the conveyance of certain lands under the resolutions of the stockholders and directors of the corporation, passed subsequently to its organization; and the allegations of the petition with reference to

the alleged fraud and conspiracy on the part of the individual defendants as majority stockholders of the corporation are for the purpose of showing a breach by the corporation of the resolutions to convey, and the alleged reason therefor, and not for the purpose of setting up a separate cause of action for fraud and conspiracy by majority stockholders under Code § 22-711. The petition is not duplicitous, and does not in one count set forth two alleged causes of action, and does not contain a misjoinder of causes of action. *Hartley* v. *Hartley*, 198 *Ga.* 294 (31 S. E. 2d, 655); *Orr* v. *Cooledge*, 117 *Ga.* 195 (3) (43 S. E. 527); *Atlantic Coast Line R. Co.* v. *Inabinette*, 32 *Ga. App.* 246 (122 S. E. 902); *Grant* v. *Hart*, 192 *Ga.* 153, 155 (4) (14 S. E. 2d, 860).

3. The trial court properly ruled that paragraph 2 of the plaintiff's amendment sufficiently complied with the requirements of paragraph 11 of the original demurrer to paragraphs 11 and 12 of the original petition, relating to the valuable improvements alleged to have been made by the plaintiff upon the property here involved. That demurrer was based upon the ground that paragraphs 11 and 12 of the original petition were insufficient because the said alleged valuable improvements and the date and alleged value of each of same are nowhere itemized or specified; and paragraph 6 of the demurrer to the petition as amended is based upon the ground that the value of each of said alleged improvements is not set forth or itemized along with each of said alleged improvements. The petition, as amended, alleges that substantial and valuable improvements were made by the plaintiff upon the lands in question subsequently to and in reliance upon the resolutions of the stockholders and directors, and has described in paragraph 2 of the amendment each item of the improvements alleged to have been made, and has itemized in exhibit "X" attached thereto the expenditures made therefor month by month. Such minuteness of detail as the day of the month and hour of the day that such improvements and expenditures were made is not required by the rules of pleading. The trial court did not err in overruling paragraphs 6 and 7 of the demurrer to the petition as amended, and in overruling the motion to reconsider such judgment and to sustain rather than overrule the said demurrer.

4. Paragraphs 14 and 17 of the original petition alleged that the plaintiff had made repeated demands upon the defendants for the preparation and execution of deeds conveying the properties in accordance with the resolutions of the stockholders and directors of the corporation, relied upon by the plaintiff. These allegations were demurred to by paragraphs 12 and 15 of the original demurrer, upon the ground that the time and place of such demands were not specified. These grounds of the original demurrer were sustained, with the right in the plaintiff within the time there provided—which was later extended—to amend his petition to meet the same. Paragraph 3 of the amendment to the petition alleges that demands were made at the meetings of the stockholders and directors of the defendant corporation held on September 18, 1942, September 18, 1943, and January 19, 1945; and that a specific demand was made upon the defendant, Mrs. Mankin, on February 24, 1945, near and in the vicinity of the home of the plaintiff. These allegations were sufficient to meet grounds 12 and 15 of the original demurrer. The trial court did not err in sustaining ground 8 of the demurrer to so much of paragraph 3 of the amendment to the petition as alleged: "Various other demands were made on Mrs. Mankin (secretary and attorney for the corporation) to prepare for execution said deed. Some of said demands were made over telephone to Mrs. Mankin at her office in Atlanta and some of them were made in person to Mrs. Mankin at Union City, Georgia. Said demands were made during the years 1943, 1944, and 1945, but the exact dates are unknown to plaintiff, as he kept no record of them and he does not recall the exact dates"—upon the ground that said allegations are too indefinite to inform the defendants concerning the time said alleged demands were made.

5. The special grounds of the demurrer not specifically dealt with are either without merit, or were met by amendment to the petition.

6. We come now to a consideration of the general demurrer, and the question of whether the petition stated a cause of action for specific performance. As will appear by reference to paragraphs 8, 9, and 15 of the original petition, the plaintiff alleged: that on the dates therein specified the defendant corporation, by and through the resolutions adopted by the stockholders and

directors, agreed to convey to the plaintiff and to the individual defendants named the particular tracts of property described in the exhibits attached to the petition; that, relying upon these resolutions, the plaintiff and the individual defendants went into possession of the tracts of land to be conveyed to them, respectively, and made valuable improvements thereon, and as we have heretofore held in division 3 of this opinion, the plaintiff alleged with sufficient particularity the nature and character of the improvements made by him and the value or cost thereof. It is contended by counsel for the defendants that the alleged resolutions were not binding upon the corporation because no consideration appears therefor. With this contention we cannot agree. Code § 37-804 provides: "Specific performance will not be decreed of a voluntary agreement or merely gratuitous promise. If, however, possession of lands has been given under such agreement, upon a meritorious consideration, and valuable improvements made upon the faith thereof, equity will decree the performance of the agreement."

In the brief of counsel for the plaintiffs in error it is conceded that the act of a corporation in distributing corporate property to its stockholders by majority vote (and in this case, as alleged by the plaintiff, by unanimous vote) of its stockholders and directors is an intra vires act on the part of the corporation. As pointed out in *Porter* v. *Allen,* 54 *Ga.* 623, it is not essential that there be a *valuable* consideration for such agreement but, by the terms of the Code section above quoted, it is only necessary that there be a "meritorious consideration." In that case it was said that value realized by the donor collaterally in other transactions, either from the donee or her kindred, would be regarded only insofar as it may have contributed to form in the donor a motive to the gift, or in the donee some meritorious claim upon the donor's bounty. In *Milton* v. *Milton,* 192 *Ga.* 778 (16 S. E. 2d, 573), it was held that a petition under the Code, § 37-804, for specific performance of a promise to convey land, to be sufficient as against demurrer, "must definitely allege: (1) the promise to give, (2) a meritorious consideration, (3) possession in his own right by the donee, and (4) the making of valuable improvements." It was there held that the natural love and affection of a father for his son supplies the element of meritori-

ous consideration (citing *Payne* v. *Thebault,* 180 *Ga.* 758 (4) 180 S. E. 725). See also *Milton* v. *Milton,* 195 *Ga.* 130 (23 S. E. 2d, 411).

In the petition in this case, it is alleged in paragraph 10 that the consideration for said conveyances was the mutual benefits flowing to said stockholders, and by paragraph 12 it is alleged that the improvements made by the plaintiff "have greatly enhanced the value of the entire property of said corporation." Moreover, the Code, § 20-302, provides: "A consideration is valid if any benefit accrues to him who makes the promise, or any injury to him who receives the promise." In *Tompkins* v. *Philips,* 12 *Ga.* 52, this ·court held: "1. Any benefit accruing to him who makes the promise, or any loss, trouble, or disadvantage undergone by, or charge imposed upon, him to whom it is made, is sufficient consideration, in the eye of the law, to sustain an assumpsit. 2. Damage or trouble to the promisee, as well as benefit to the promisor, is a sufficient consideration to support a promise." See also *Lanier* v. *Council,* 179 *Ga.* 568 (176 S. E. 614); *R. A. C. Realty Co.* v. *W. O. U. F. Atlanta Realty Corp.,* 205 *Ga.* 154, 164 (52 S. E. 2d, 617). The plaintiff alleges that, relying upon the promise of the corporation to convey to him the property described, he went into possession thereof and made valuable improvements thereon to the extent of approximately $3500. It thus appears that the petition alleges a benefit to the corporation which made the promise, by reason of the enhancement in value of its remaining property, because of the valuable improvements made by the plaintiff, and an injury to the plaintiff, who received the promise by reason of the valuable improvements thus made by the plaintiff in reliance upon the promise. We hold that, under all of these facts, a "meritorious consideration" is shown for the promise. The petition, therefore, alleges every element to support an action for specific performance under the provisions of the Code, § 37-804, viz.: (1) the promise to convey; (2) a meritorious consideration, (3) an entry by the plaintiff into possession in pursuance of the promise, and (4) that on the faith thereof he made valuable improvements. *Milton* v. *Milton,* 195 *Ga.* 130 (supra). The plaintiff's right of action for specific performance is not precluded by reason of the allegations of the petition with respect to the alleged confederation

and conspiracy on the part of the individual defendants, as majority stockholders of the corporation, to breach the promise. While these allegations might be appropriate to a minority-stockholder's suit against majority stockholders under the provisions of Code § 22-711, they are not thereby rendered inappropriate here to show a breach of the promise to convey on the part of the corporation and the reasons therefor. The petition stated a cause of action, and the trial court did not err in overruling the general demurrer thereto.

7. The assignments of error in the cross-bill of exceptions by the plaintiff, complaining of the ruling of the trial court sustaining ground 21 of the original demurrer to paragraph 32 of the original petition and ground 9 of the renewed demurrer to paragraph 5 of the amendment to the petition, are withdrawn and abandoned by counsel for the plaintiff in their brief, and under the ruling made in division 4 of the opinion the other assignment of error in the cross-bill is without merit.

*Judgment affirmed on main and cross-bills of exceptions. All the Justices concur.*