MEEKS *et al.* v. SEAWELL *et al.*

No. 15036. FEBRUARY 7, 1945.

*John I. Kelley, J. L. Smith,* and *Robert D. Tisinger,* for plaintiffs. *Boykin & Boykin,* for defendants.

DUCKWORTH, Justice. (After stating the foregoing facts.) Since this suit is in essence one by minority stockholders against the corporation, its directors, and the majority stockholders, challenging the authority of the majority stockholders to elect directors and the authority of the directors to manage the affairs of the corporation, and fails to set forth a charter or the by-law provision relating to these matters, we look solely to the statutory law on such subjects for the answer to the questions raised. By an act known as the "corporation act of 1938" (Ga. L. Ex. Sess. 1937-38, pp. 214-247; Ga. Code Ann., ch. 22-18), the statutory law touching these matters is set forth. It is there provided (§ 22-1827), that every corporation shall have certain powers there enumerated, among which are: (f) the power to make by-laws not inconsistent with the State and Federal constitutions or its charter, for the management, regulation, and government of its affairs and property, the transfer of its stock, and the calling and holding of meetings of its stockholders and directors; and (g) to dissolve itself. Then by the provisions of § 22-1828, other powers, subject to charter limitations, are enumerated. Section 22-1937 provides for the merger of two or more corporations, and §§ 22-1838 and 22-1839 outline the procedure for such merger. It is there required that each corporation must by a vote of its stockholders ratify the written agreement in which the terms for the merger are specified, including the plans for the operation of the new corporation. By the provisions of § 22-1840, such approved agreement must be attached to the application for the charter, and it thus becomes a part of the charter of the new corporation. Thereby is shown a legislative intent that, to be binding and effective, the agreement antedating the charter must, in the manner prescribed, be made a part of the charter itself. It seems clear, therefore, that where, as in the present case, which does not involve a merger of corporations but merely a plan for the organization of a corporation, the agreement referred to, never having become a part of the charter of the corporation, is not binding upon the corporation and will not be allowed to alter or affect the provisions of the charter, the by-laws, or the statutory powers of the corporation. It is binding neither upon the corporation nor upon the directors of the corporation. Any contrary ruling found in Slover v. Winston, 155 Va. 971 (157 S. E. 150), or decisions in other jurisdictions, will

not be applied in this State, but the terms of the statute will control. By § 22-1873, it is provided that a dissolution of a corporation may be had upon a petition of the directors filed in the superior court which granted the charter. It is there required that the stockholders at a meeting called for that purpose after due notice must approve the resolution of the directors providing for an application for a dissolution, and while upon dissolution the directors become, by the terms of § 22-1875, trustees for the management of the assets of the corporation, it is further provided, in § 22-1877, that, "on application of any creditor or stockholder at any time," the judge of the superior court may "upon equitable cause being shown therefor appoint one or more persons the receivers of and for such corporation."

It appears from a consideration of the foregoing act that the petition here, which alleges no failure to comply with the statute, shows no legal defect in the petition for dissolution or the application for a receiver, and shows no violation of the provisions of the charter or by-laws of the corporation. It shows no right in the petitioners to complain on account of the proceedings, and alleges no grounds for interference by minority stockholders with the management of the corporation. Since, as indicated above, the contract here involved never became a part of the charter, the terms of such contract are not binding upon either the corporation or its directors. Therefore, its reformation as sought would be of no benefit to the petitioners, and whether or not the alleged circumstances under which the contract was executed would be sufficient in a proper case to justify a decree of reformation, such allegations are insufficient here to warrant such relief. On the question of an accounting, there are no allegations sufficient to authorize an accounting. It does not appear that the defendant Seawell is withholding any funds belonging to the corporation, or that for any reason he should be required to make an accounting. The petition shows that the director Berry owns one share of stock, although he acquired it by gift. He was thus qualified to be made a director and was, as shown by the petition, elected as a director by the stockholders holding a majority of the stock. The entire portion of the petition relating to a sale of the assets and franchise is manifestly no more than mere speculation by the petitioners as to what might occur, without any fact to justify

such fear. Furthermore, the fact that a meeting of all of the stockholders had been called for the purpose of considering and deciding the question of such sale excludes any reasonable grounds for fear that such action will be taken against the will of the stockholders and the directors of the corporation. The allegations of the petition are insufficient to entitle the petitioners to any of the relief sought. It follows that the court did not err in sustaining the general demurrer thereto and in dismissing the action.

*Judgment affirmed. All the Justices concur, except Wyatt, J., absent because of illness.*