## R. A. C. REALTY CO. *v.* W. O. U. F. ATLANTA REALTY CORP.

No. 16523. MARCH 16, 1949. REHEARING DENIED MARCH 28, 1949.

*Fine & Efurd* and *Noah J. Stone,* for plaintiff.
*Robert P. McLarty* and *John K. Calhoun,* for defendant.

HAWKINS, Justice. (After stating the foregoing facts.) We will first discuss the general grounds of the motion for a new trial. There does not appear to be any considerable conflict in the testimony in this case upon what we conceive to be the controlling issues involved. It appears that the plaintiff corporation offered to Velaise to lease the property involved—not to Velaise, but to a corporation to be formed by him—upon the terms and conditions set out in the written lease contract which was prepared and signed by it on July 20, 1945, and delivered by it to Wight to be delivered by him to the corporation when formed and when accepted by it, and upon payment by it of $10,485, covering the first year's rent in advance; and that on July 23, 1945, the plaintiff corporation, by and through its duly authorized vice-president, at the request and upon the insistence of Velaise, delivered a letter to Wight, which he in turn delivered to Velaise, authorizing Wight to deliver the lease signed by the plaintiff if the corporation to be formed by Velaise would sign the lease and pay to the plaintiff the amount of the advance security, as stated in the lease, by Friday, July 27, at 3 o'clock.

It further appears: that Velaise, relying upon the letter, specifying a definite time within which the lease was to be accepted by the corporation to be formed by him, remained in Atlanta at an expense to himself for lodging and maintenance; that he communicated with his tax adviser at his home office in New York with reference to the result in taxation from paying the first year's rent in advance; that he had transferred from New York to Atlanta the funds with which to pay the first year's rent; that he retained counsel to obtain a charter for the proposed corporation; and that this corporation was granted a charter on the morning of July 27, between 10 and 11 o'clock a.m., and that, prior to 3 o'clock on that date, Velaise, in behalf of the defendant corporation, and as its president, offered to execute the lease and pay the first year's rent, as provided therein, both to Wight and to Massell, the vice-president of the plaintiff corporation.

It is undisputed that on July 26, 1945, at about 4 o'clock p.m., and before the defendant corporation was formed, and before any payment of the first year's rent was made or tendered, the plaintiff corporation, through its duly authorized vice-president,

notified Wight that the offer to lease to the corporation to be formed by Velaise was withdrawn. The evidence is somewhat in conflict as to when this information was conveyed to Velaise, but we think that it clearly appears that Velaise was so notified on the morning of July 27, and before a charter had been actually granted to the defendant corporation, and before any payment was made or tendered of the first year's rent.

It would thus seem that the controlling question presented is, was the offer or proposition to lease, as evidenced by the written lease and the letter of July 23, fixing the definite time of July 27 at 3 o'clock for acceptance thereof, based upon a consideration so as to constitute it a valid contract to allow the offer or proposition to remain open for acceptance until the time specified and not subject to be withdrawn before that time; or, was it a mere naked, voluntary, or gratuitous offer or proposition, without consideration and subject to be withdrawn at any time before acceptance?

In *Prior* v. *Hilton & Dodge Lumber Co.*, 141 *Ga.* 117 (80 S. E. 559), this court held: "Where for a consideration an option is given, or offer made, which it is agreed shall remain open and subject to acceptance for a specified time, the party who thus grants the right to accept during such specified time can not withdraw the right of the other party to accept or assent within that time. In such a case the right to accept or assent within the specified time is a right fixed by contract. If without consideration a continuing offer is made, although the person making it may state a time within which it may be accepted, there is no binding contract, and he may withdraw the offer before acceptance. The two things should not be confused. In the one case there is a valid contract, based upon a consideration, to allow the offer or proposition to remain open for acceptance until the time specified. In the other case there is a mere offer or proposition, which is not a contract until acceptance. A mere offer or proposition, until accepted, may be withdrawn. If it is accepted before it is withdrawn or terminated, a contract then results. It is no longer unilateral, but becomes mutual, and the mutual promises will furnish sufficient consideration."

Does the evidence in this case show that there was a consideration so as to constitute a valid contract on the part of the

plaintiff to allow the offer or proposition to remain open for acceptance until the time specified in the letter of July 23? It is not insisted by the defendant that any benefit accrued or flowed to the plaintiff by reason of the making of this offer such as would constitute a consideration therefor; but it is insisted that the acts hereinbefore enumerated on the part of Velaise constituted an injury or damage to him, and thereby supplied a valid consideration, which would constitute the commitment to keep the offer open until a definite time a valid contract that could not be withdrawn until after the expiration of the time therein specified.

Code § 20-302 provides: "A consideration is valid if any benefit accrues to him who makes the promise, or any injury to him who receives the promise." As early as *Tompkins* v. *Philips*, 12 *Ga.* 52, this court held: "1. Any benefit accruing to him who makes the promise, or any loss, trouble, or disadvantage undergone by, or charge imposed upon, him to whom it is made, is sufficient consideration, in the eye of the law, to sustain an assumpsit. 2. Damage or trouble to the promisee, as well as benefit to the promisor, is a sufficient consideration to support a promise." See also *Lanier* v. *Council*, 179 *Ga.* 568 (176 S. E. 614).

But can Velaise be held to be the "one who received the promise," or the "promisee" within the meaning of the principle of law above stated? The record in this case discloses that all of the parties were dealing with each other with the full understanding that Velaise was not to lease the property as an individual, but that he was to form a corporation, and for that reason the name of the lessee was left blank in the written lease signed by the plaintiff. Under such circumstances, we do not think that Velaise could be held to be the "promisee" or the "one who received the promise," and that, therefore, the things which he did, even though an injury or damage to him, could not be a valid consideration of the promise to lease to a corporation which was yet to be formed; nor could his acts and doings be said to be the acts and doings of a corporation which had not yet come into existence at the time they were performed, for a corporation can not act until it attains a corporate entity by acquiring a charter and organizing thereunder. Before its charter was granted and before it was organized thereunder it could do no corporate act. *Rau* v. *Union*

*Paper Mill Co.*, 95 *Ga.* 208 (22 S. E. 146). And no act of an incorporator performed before a charter is even applied for could be considered the act of the corporation or binding upon it, or as having been performed in its behalf. *Meeks* v. *Seawell*, 198 *Ga.* 817 (33 S. E. 2d, 150); *Meinhard, Schaul & Co.* v. *Bedingfield Mercantile Co.*, 4 *Ga. App.* 176, 178 (61 S. E. 34). Had the corporation been chartered and organized, and had it performed the acts shown to have been done by Velaise, and had it thus sustained an injury or damage by reason of the offer to lease on the part of the plaintiff, then we think that a valid consideration, so as to constitute the offer a contract not subject to be withdrawn prior to the fixed date for its termination, would have resulted, but such is not this case. Under the facts as shown by the evidence here, this case falls within the second principle announced in *Prior* v. *Hilton & Dodge Lumber Co.*, 141 *Ga.* 117 (80 S. E. 559), that "a mere proposition or offer, based on no consideration, though continuing in character, or though stated to be subject to acceptance until a given time, may be withdrawn before actual acceptance or assent thereto by the other party." There is no dispute in the evidence in this case that the offer to lease on the part of the plaintiff was withdrawn before even the defendant corporation, the promisee in the offer, came into existence; and to attempt to accept the offer after it was thus withdrawn, and after it did obtain a charter, was of no avail. The evidence demanded a verdict for the plaintiff, setting aside and canceling the lease contract, which is admitted to have been executed and recorded by the defendant after the withdrawal by the plaintiff of the gratuitous offer to lease; and the defendant is not entitled to have the contract specifically performed. Code, § 37-804. The trial court erred in overruling the general grounds of the motion for a new trial.

Under this view of the case, it is not necessary to pass upon the special grounds of the motion for new trial, dealing with objections to the admission of evidence, and based upon the failure of the trial court to charge certain principles of law alleged to have been applicable to the plaintiff's contentions.

*Judgment reversed. All the Justices concur. Bell, J., concurs specially.*