W. O. U. F. ATLANTA REALTY CORPORATION *v.* R. A. C. REALTY COMPANY; *et vice versa.*

HAWKINS, Justice. Reference is made to the decision of this court when this case was here before for a full statement of the material facts. *R. A. C. Realty Co.* v. *W. O. U. F. Atlanta Realty Corp.*, 205 *Ga.* 154 (52 S. E. 2d, 617). We then held that the evidence demanded a verdict for the plaintiff, for the reason that the offer by R. A. C. Realty Company was to lease property to a corporation to be formed by one Velaise, who was negotiating for the lease of the property to such a corporation before it was incorporated. The only contention made by W. O. U. F. Atlanta Realty Corporation that there was any consideration for the offer to lease—so as to constitute it a binding contract on the part of the plaintiff which could not be withdrawn until after the expiration of the time fixed for its acceptance—was that there were expenses incurred and trouble or disadvantage undergone by Velaise. We then held that Velaise was not the "promisee" or the "one who receives the promise" so as to constitute the expense, trouble, or disadvantage incurred by him a consideration within the meaning of Code § 20-302; and that the promise of R. A. C. Realty Company to lease to a corporation not yet in existence was a mere proposition or offer, based on no consideration, though continuing in character, or though stated to be subject to acceptance until a given time, which could be withdrawn before actual acceptance or assent thereto by the other party. It follows, therefore, that Velaise had no contract which he could transfer or assign to the defendant corporation after it came into existence, and the purported assignment or transfer made by him can avail the defendant nothing. The record now before us—as did the record when the case was here before—discloses that the offer to lease on the part of the plaintiff, which we then held and now hold to be without consideration, was withdrawn before even the defendant corporation, the promisee in the offer, came into existence. Even with the amendments of the defendant allowed, and the excluded evidence admitted, the evidence would still demand a verdict in favor of the plaintiff, and the trial court did not err in so directing.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. All the Justices concur.*

Nos. 17206, 17210. OCTOBER 11, 1950.

*Robert P. McLarty* and *William Owen Miller*, for plaintiff in error.

*Fine & Efurd* and *Noah J. Stone*, contra.