GURLEY *v.* BOULEVARD PARK INC. *et al.*

HAWKINS, Justice. Harry D. Gurley Jr. filed, in the Superior Court of Chatham County, Georgia, his petition, which as amended alleges substantially: that he was indebted to the Savannah Bank & Trust Company for a large amount of money, which debt was secured by security deeds executed by the plaintiff to the bank covering a certain described real-estate subdivision, and that the plaintiff was also indebted to numerous materialmen; that, in order to stop foreclosure of the security deeds by the bank, a contract was entered into between the plaintiff, the bank, and the materialmen, wherein the parties agreed to form a corporation in which the bank would be the sole stockholder and the materialmen would have one representative on the board of directors. It was further agreed that the plaintiff would convey all of his interest in the real-estate subdivision to the corporation thus to be formed, and that the corporation would then undertake to build houses, pave streets, make sales, and in general to conduct a salvage operation, and then return the remaining property, if any, to the plaintiff, after the debts of the bank and materialmen had been paid. It is further

alleged that a charter was thereafter granted to Boulevard Park Inc., to which the plaintiff conveyed all his interests in the real-estate subdivision, and this corporation is the sole defendant in the plaintiff's petition. The petition further alleges: that the defendant corporation was attempting to sell to one McKenzie a portion of Boulevard Park for $10,000, whereas the plaintiff had previously paid $30,000 for the same property and made extensive improvements thereon before it was deeded to the defendant corporation; that the sale of the property for $10,000 is unreasonable, and for a grossly inadequate consideration, and would usurp his equity and cause him damage in the amount of $85,000; that, if the sale in question were completed, the purchase price thereof, together with the other assets remaining in the defendant corporation, would not be sufficient to pay the claims of the bank and the materialmen, and that this would work an injustice on the plaintiff, and render the corporation, as to his interest, insolvent; that the defendant corporation had been guilty of other acts of alleged mismanagement; that he was without an adequate remedy at law; and he, prayed for a temporary restraining order and permanent injunction to prevent the sale of any of the corporate assets, and for the appointment of a receiver to take charge of the same. To this petition the defendant interposed its general demurrer, which was sustained by the trial court, and to this judgment the plaintiff excepts. While the record discloses that McKenzie, the prospective purchaser of a portion of the property here involved, filed an intervention which is included as a part of the record in this case, it is not material to a consideration of the questions presented for determination. *Held:*

1. The motion to dismiss the bill of exceptions on the ground that the case is moot, because the sale of a portion of the property sought to be enjoined has been consummated, is without merit, since the petition sought to enjoin the sale not only of this particular property, but of all other assets of the corporation, and the appointment of a receiver to take over and manage the affairs of the corporation.

2. The only basis of the plaintiff's claim to an equity in the properties conveyed by him to the defendant corporation is the contract entered into between the plaintiff, the bank, and the materialmen, to which contract the defendant was not a party; and this contract, having been executed prior to the granting of the charter to the defendant, is not binding on it. *Meeks* v. *Seawell,* 198 *Ga.* 817 (33 S. E. 2d, 150); *R. A. C. Realty Co.* v. *W. O. U. F. Atlanta Realty Corp.,* 205 *Ga.* 154, 165 (52 S. E. 2d, 617); *Mankin* v. *Bryant,* 206 *Ga.* 120, 139 (2) (56 S. E. 2d, 447). Having conveyed all his interests in the properties to the defendant without restriction, qualification, or reservation as between the plaintiff and the defendant, so far as appears from the petition, the plaintiff has no right to control the defendant's disposition or management of the properties thus conveyed.

3. The petition alleges that, by the sale sought to be enjoined, the plaintiff would be injured and damaged in the sum of $85,000. The only right asserted by the plaintiff to any interest or equity in the property involved arises under and by virtue of the contract between the plaintiff, the bank, and the materialmen. It is not alleged that the other parties to this contract are insolvent, and no other reason is alleged

why the plaintiff does not have an adequate remedy at law against such third parties who are not parties to this suit. Accordingly, the judgment of the trial court sustaining the general demurrer and dismissing the petition was not error. *Maggi* v. *Sylvan Circle Apartments,* 207 *Ga.* 580 (63 S. E. 2d, 368); *Irwin* v. *Willis,* 202 *Ga.* 463 (2) (43 S. E. 2d, 691); *Chadwick* v. *Dolinoff,* 207 *Ga.* 702 (64 S. E. 2d, 76).

*Judgment affirmed. All the Justices concur, except Atkinson, P.J., and Almand, J., not participating.*

No. 17933. ARGUED JULY 14, 1952—DECIDED SEPTEMBER 2, 1952.

*Cheatham & Exley,* for plaintiff in error.

*Connerat, Dunn, Hunter, Cubbedge & Houlihan* and *Glass & Pahno,* contra.