36339. MILLER *v.* BERMAN.

DECIDED OCTOBER 10, 1956.

*Pittman, Kinney & Pope,* for plaintiff in error.
*Hardin & McCamy,* contra.

FELTON, C. J.  The amendment did not set up a new cause of action different from the one originally sued on nor did it seek to vary the terms of a written contract.  The original action was brought against the defendant as an individual and the amendment merely explained what the defendant called an inconsistency in his pleadings.  Assuming for the sake of argument that the signature "/s/ R. G. Miller, R. G. Miller, Sr., President, R. G. Miller Company" imports a corporate signature, the plaintiff by amendment had the right to show that the contract sued on was not entered into by a corporation but by the defendant as an individual using a trade name.  The amendment alleged that the corporation never organized under its charter and never did business as a corporation and that the defendant R. G. Miller used the "corporation" as a personal trade name.

Organization under its charter is necessary before a corporation can do a corporate act.  *Rau* v. *Union Paper Mill Co.*, 95 *Ga.* 208, 212 (22 S. E. 146), *R.A.C. Realty Co.* v. *W.O.U.F. Atlanta Realty Corp.*, 205 *Ga.* 154, 164 (52 S. E. 2d 617).

Since the R. G. Miller Company never organized under its charter, it could not do business as a corporation and, therefore, could not as a corporation enter into the contract sued on.  Under the pleadings the contract sued on was the personal undertaking of R. G. Miller.  Therefore, the court did not err in overruling the demurrers.

*Judgment affirmed.  Quillian and Nichols, JJ., concur.*